UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **NATHANIEL DAVID STRUENING**<br>**REG. # 73685-510** | **DOCKET NO. 2:25-cv-0888**<br>**SECTION P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **WARDEN FCI OAKDALE** | **MAGISTRATE JUDGE LEBLANC** |

## REPORT AND RECOMMENDATION

Before the court are the original and amended petitions for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (docs.1, 5) by pro se petitioner Nathaniel David Struening. Struening is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institution at Oakdale, Louisiana ("FCIO").

This petition has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below, **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

## I.
### BACKGROUND

On June 23, 2025, Struening filed a petition seeking expungement of a prison disciplinary proceeding, Incident Report no. 405421.  Doc. 1.  On September 24, 2025, he was ordered to amend his petition to provide a copy of the Disciplinary Hearing Officer's Report.  Doc. 4. Petitioner did so on October 20, 2025.  Doc. 5.

According to his petition, Struening does not dispute the ultimate finding of the DHO that he possessed a cell phone. Instead, he argues that he should not be punished for possessing the cell phone because the original DHO report was never provided to him, but rather, an untimely "re-

-1-

write" was provided to add "graphic and salacious accusations in an attempt to discredit [him]."

Doc. 1, p. 6.

**II.**

**LAW & ANALYSIS**

### A. *28 U.S.C. § 2241*

A 28 U.S.C. § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). To prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas challenge to a disciplinary proceeding, an inmate must show that the punishment intrudes on a liberty interest protected by the Constitution or some other law. *Orellana v. Kyle*, 65 F.3d 29, 31–32 (5th Cir. 1995) (citing *Sandin v. Conner*, 115 S.Ct. 2293 (1995)). It is assumed that federal prisoners have a liberty interest in their accumulated good conduct time. *See, e.g.*, *Henson v. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000); *Watkins v. Lnu*, 547 Fed. App'x 409, 410 (5th Cir. 2013) (unpublished).

Because a loss of good conduct time is involved in this proceeding, the Supreme Court's analysis in *Wolff v. McDonnell*, 418 U.S. 539 (1974), and *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445 (1985), governs our review. The procedural requirements for a prison disciplinary proceeding resulting in the loss of good conduct time were outlined by the Supreme Court in *Wolff, supra.* Those requirements are (1) written notice to the inmate of the charges at least 24 hours prior to the disciplinary hearing; (2) an opportunity "to call witnesses and present evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals"; (3) the aid of a fellow inmate or staff member if the inmate is illiterate or the issue is complex; (4) an impartial decision-maker; and (5)

a written statement by the fact finder as to the evidence relied upon and the reasons for the decision. *Wolff*, 418 U.S. at 563-70.

### B. Application

On January 28, 2025, the Disciplinary Hearing Officer at FCIO found that Struening was guilty of possessing a hazardous tool in violation of Offense Code 108. Doc. 5-1, p. 2.  The DHO's finding resulted in a loss of good conduct time, loss of non-vested good conduct time and loss of phone and commissary privileges.  Doc. 5-1, p. 4.  Struening challenges these sanctions based on his allegation that the original report was never provided to him and that the BOP re-wrote the report to cure the failure to timely deliver.  Doc. 1, p. 6.

After a review of the record, the undersigned finds that petitioner received all due process required by *Wolff*.  According to the Incident Report, Struening was found to be in possession of a cell phone on January 10, 2025, at 6:15 pm, and he was notified of the charges against him arising from his possession of that cell phone on January 11, 2025, at 8:03 pm, by delivery of a copy of the written incident report to him.  *See* doc. 1-2, p. 1.   Petitioner's complaint centers around the delay in issuing the incident report—i.e., he did not receive it within 24 hours. BOP policy provides that the inmate is to "ordinarily receive the incident report within 24 hours of staff becoming aware of the inmate's involvement in the incident." BOP Program Statement 5270.09 § 541.5. The use of the word "ordinarily" clearly indicates that the rule is not absolute. In this case, Petitioner was provided with the Incident Report less than two hours past the 24-hour time frame.  Doc. 1-2, p. 1.  Petitioner was informed that the reason for the delay was a re-write of the report was needed. Doc. 5-1, p. 3.

Moreover, even if the delay had been in violation of prison policy, that violation in and of itself would not have constituted a due process violation. A prison's failure to follow its own rules

or administrative procedures, without more, does not violate due process. *Stanley v. Foster*, 464 F.3d 565, 569 (5th Cir.2006). Rather, in a disciplinary proceeding, the only constitutional issue regarding procedure is whether a prisoner has been denied the protections set forth in *Wolff*. Although *Wolff* does contain a 24-hour notice requirement, that requirement is concerned with the time period between notification of the charges and the disciplinary hearing and is for the purpose of enabling the prisoner "to marshal the facts and prepare a defense." *Wolff*, 418 U.S. at 564. The DHO Report notes that "although a delay occurred, this delay did not affect your ability to make a statement or present a defense." Doc. 5-1, p. 3. On January 13, 2025, Petitioner was advised of his rights before the DHO. Doc. 5-1, p. 2 at ¶I(C). The DHO hearing was held on January 28, 2025. *Id*. at ¶ I(B). As such, seventeen days elapsed between the date Petitioner received notice of the charges and his hearing before the DHO. Petitioner has failed to establish a violation of *Wolff's* notice requirement. *See Harrison v. Vereen*, 2021 U.S. Dist. LEXIS 108611 (S.D. Miss. May 12, 2021) (holding that, after delivery of incident report was delayed due to the necessity of rewriting the report and fourteen days elapsed between the date the petitioner received notice of the charges and his hearing before the DHO, Petitioner failed to establish a violation of *Wolff's* notice requirement).

The record also reveals petitioner was afforded the opportunity to appear, make a statement, call witnesses, and present rebuttal evidence. The DHO report reflects that petitioner waived his right to staff representation. *Id*. at ¶ II(A). Regarding his statement, the report reflects the following:

> During the DHO hearing Inmate Struening elected to make a comment. Inmate Struening stated, "The statement from Officer Strother is incorrect. I did have a cell phone."

*Id*. at ¶ III. Finally, petitioner was provided with a written statement of the DHO's findings on March 19, 2025. *Id* at ¶ IX.

Therefore, the only determination left is whether there was "some evidence" presented upon which a reasonable, impartial adjudicator could rely to find that petitioner committed the prohibited act of phone abuse-disrupt monitoring.  The DHO report outlines the evidence relied upon by the DHO and the reasons for reaching this decision. Specifically:

> On 1/10/25 at approximately 1815, I, Correctional Officer C. Strother entered Vernon 2 to assist with shakedowns. Upon entering the bathroom area, I heard what appeared to be someone in distress.  I announced that staff was in the area and gave the occupant of the bathroom stall an order to exit the bathroom stall so I could confirm the occupant was not in any type of distress.   Inmate Struening, Nathaniel Reg. No. 76385-510 never attempted to leave the bathroom stall. I then opened the door due to the sounds of distress.  I observed Struening Nathaniel Reg. No. 76385-510 standing in the stall with his exposed erect penis in his right hand stroking it while holding what appeared to be a cellular device in his left hand.  Before Inmate Struening locked the device, I saw a video playing of what appeared to be young children participating in sexual acts. The Operation's Lieutenant was immediately notified, and the phone was immediately confiscated, secured and given to the Operations Lieutenant for further handling.  After the inmate dressed himself, a pat down search was conducted to confirm no other contraband was in his possession.  Inmate Struening Nathaniel Reg. No. 76385-510 is in direct violation of code 108, possession of a portable telephone. The AT&T phone is blue in color with an unobtainable IME # and a SIM #8901410332450080939.   Struening was then escorted to the Special Housing Unit.  THIS IS A REWRITE.

> During the investigation, you stated, "I wasn't masturbating, I was getting ready to unlock phone and message my wife." During the UDC you stated, "I'm not denying it."

> During the DHO hearing Inmate Struening elected to make a comment. Inmate Struening stated, "The statement from Officer Strother is incorrect. I did have a cell phone."

> The DHO also relied on Incident Report- Chian of Custody-Contraband – (BOP-IRCCC) and Incident Report- Photographs – (BOP-IRPHO).

> The DHO considered your admission statement. Although you stated you were not masturbating, the DHO notes according to the reporting staff

member, you were observed holding a blue cell phone. When the staff observed you holding a cell phone in your left hand, you were considered in violation of Possession of a Hazardous Tool. The decision to find Inmate Struening guilty was based on the reporting staff member's statement, the evidence presented, and the admission statement of Inmate Struening. The possession of a cell phone by inmates and subsequent use is strictly prohibited. The action on the part of any inmate to possess a cell phone seriously jeopardizes the security of the institution and poses a threat to the ability of staff to provide a safe environment for inmates, staff, and the general public as a whole. Possessing a cell phone gives an inmate access to make completely unmonitored phone calls. These calls could contain threats to the public, staff or other inmates, or plans for an escape attempt. Additionally, cell phones can only be obtained by inmates from outside sources. Therefore, the presence of a cell phone in the secure confines of the institution indicates the security of the institution has been breached.

*Id*. at p. 3, 5.

Accordingly, it cannot be said there was no evidence to support the DHO's findings; rather, the evidence is sufficient to sustain a disciplinary conviction.  Therefore, Struening fails to show a right to federal habeas relief.

### III.
#### CONCLUSION

For the reasons stated above, Struening's petition fails to state a claim for relief under 28 U.S.C. § 2241.  Accordingly, **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon

grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

 THUS DONE AND SIGNED in chambers this 18th day of February, 2026.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE